**Ex parte Victor Leo IVY.**

**No. 40559.**

Court of Criminal Appeals of Texas.

Oct. 11, 1967.

Rehearing Denied Nov. 15, 1967.

Evans & Marshall, R. Norvell Graham, Jr., San Antonio, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The appeal is from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Washington.

The Executive Warrant having been introduced in evidence, no further proof was offered at the habeas corpus hearing.

The warrant reflects that the demand of the Governor of Washington had made known to the Governor of Texas that appellant stood charged "by information, supporting affidavit, warrant before the proper authorities, with the crime of Grand Larceny 954,090 SEC committed in said state," and that such demand was accompanied by copy of said "information, supporting papers, warrant duly certified by the Governor of said State."

In the absence of proof to the contrary the presumption is that the laws of the State of Washington are the same as the laws of this state and that "Grand Larceny" (an offense equivalent to Felony Theft) is a felony and prosecution therefor upon "information, supporting affidavit," is not authorized. Ex parte Doyal, Tex.Cr.App., 318 S.W.2d 642; Ex parte Cooper, Tex.Cr.App., 295 S.W.2d 906; Ex parte Parker, Tex.Cr.App., 390 S.W.2d 774, and cases cited.

It follows that the introduction in evidence of the Governor's Warrant was not alone sufficient to make a prima facie case for extradition.

The order remanding appellant to custody for extradition is reversed.