**Ex parte Ryan Patrick SLAVIN.**

**No. 43381.**

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

Rehearing Denied Jan. 13, 1971.

H. Tati Santiesteban, El Paso, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding the appellant to custody for extradition to the State of Kentucky.

The executive warrant issued by the Governor of Texas shows that appellant "stands charged by indictment and warrant before the proper authorities, with the crime of uttering worthless checks (2 counts) and defrauding an innkeeper contrary to KRS 434.070" committed in the State of Kentucky and that the said fugitive has taken refuge in the State of Texas.

Appearing regular on its face, the warrant of the Governor of Texas makes out a prima facie case authorizing the remand of the appellant to custody for extradition. Ex parte Wilson, Tex.Cr.App., 391 S.W.2d 421.

Contrary to appellant's first contention, the demand by the Governor of Kentucky has attached to it indictments and warrants which are duly authenticated.

Appellant's second contention is that he was not furnished copies of the instruments from the demanding state as required by Article 51.13, Section 3, Vernon's Ann.C.C.P.

It has been held by this Court that the provisions of Section 3 of this Article pertaining to furnishing the accused with copies of instruments accompanying a requisition for extradition is directory only, and becomes mandatory only when a request has been made for them. Ex parte Moore, 158 Tex.Cr.R. 407, 256 S.W.2d 103. It does not appear from the record that a demand for these instruments was ever made by the appellant or his counsel. No error is shown. See Ex parte Strunk, Tex. Cr.App., 444 S.W.2d 940.

The trial court was authorized to conclude as he did and remand the appellant for extradition.

The order denying relief is affirmed.