### Ex parte Don Herbert RHODES.

### No. 43829.

Court of Criminal Appeals of Texas.

May 12, 1971.

Rehearing Denied June 16, 1971.

James T. Flynt, Mineola, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

DOUGLAS, Judge.

This is an appeal from an order entered in the 115th Judicial District Court of Wood County, after a hearing on an application for a writ of habeas corpus, remanding appellant to custody for extradition to the State of Louisiana.

At the hearing held on November 10, 1970, the Executive Warrant of the Governor of Texas dated the 1st day of September, 1970, was introduced. It recited that the appellant stood charged by "affidavits made before a magistrate with a warrant with the crime of simple robbery and theft." The Governor's Warrant was

regular on its face and made a prima facie case for extradition. Ex parte Slavin, Tex.Cr.App., 461 S.W.2d 421.

 Appellant contends that extradition should not be granted because no indictment appears in the record of the case and there is no showing that felony theft and robbery can be prosecuted upon an affidavit or information from the State of Louisiana. The supporting papers, which are part of the record on appeal, contain the sworn affidavit made before the magistrate and the warrant issued by the magistrate. This alone is sufficient to support the extradition, even for a felony offense. Article 51.13, Section 3, Vernon's Ann.C. C.P.

Appellant's contention is the same as that raised and overruled in Ex parte Collins, Tex.Cr.App., 452 S.W.2d 454.

Appellant further objected at the hearing to the introduction of various records from the State of Louisiana on the ground that they were not properly certified. In light of this Court's holding in Ex parte Posey, Tex.Cr.App., 453 S.W.2d 833, we need not consider these objections as it appears that they were made to support appellant's claim that the State failed to show that he could be prosecuted in Louisiana upon affidavit or information. In Ex parte Posey, supra, it was said:

"In such cases it was pointed out that care should be taken to distinguish between extradition and eventual prosecution and between instruments which form the basis for extradition and which form the basis for eventual prosecution in the demanding state. And, where a person charged with a felony in the demanding state may be extradited from Texas upon an affidavit before a magistrate and warrant issued thereon, the question of whether, upon his return to the demanding state, he is to be prosecuted upon an indictment or information is not a question for the courts of Texas to decide in extradition proceedings, but a question for the courts of the demanding state."

 Next, appellant contends that he should not be returned to Louisiana because charges against him are pending in Dallas County.

Article 51.13, Section 19, V.A.C.C.P., (our extradition statute) provides:

"If a criminal prosecution has been instituted against such person under the laws of this State and is still pending, the Governor, in his discretion, either may surrender him on demand of the Executive Authority of another State or hold him until he has been tried and discharged or convicted and punished in this State."

Since the question of remanding the appellant for extradition is and will be in the discretion of the Governor of Texas, we will consider only the proceedings in this case.

No error has been shown. The order remanding appellant to custody for extradition is affirmed.