**Ex parte Ebaristo MUNGIA.**

**No. 45174.**

Court of Criminal Appeals of Texas.

March 1, 1972.

Rehearing Denied April 26, 1972.

Chappell & McFall by Byron Chappell, Lubbock, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Colorado.

The State introduced into evidence the Executive Warrant of the Governor of this State. The warrant recites that the appellant stands charged by information, supporting affidavit and warrant before the proper authorities with the crime of assault with a deadly weapon.

The Executive Warrant of the Governor of Texas, which appears regular

on its face, made out a prima facie case authorizing the remand of appellant to custody for extradition. Ex parte Jackson, Tex.Cr.App., 470 S.W.2d 679; Ex parte Rhodes, Tex.Cr.App., 467 S.W.2d 425; Ex parte Slavin, Tex.Cr.App., 461 S.W.2d 421.

 Appellant contends the court erred in remanding him for extradition because there is no showing that the appellant can be tried for the offense charged, a felony, by information.

In Ex parte Clubb, Tex.Cr.App., 447 S.W.2d 185, this Court said: "A person charged in the demanding state with a felony may be extradited from Texas upon the basis of an affidavit and warrant issued thereon. Whether upon his return to the demanding state he is to be prosecuted upon an indictment or information is not a question for the courts of Texas to decide in extradition proceedings, but a question for the courts of the demanding state." The affidavit and warrant from Colorado meet the requirement of Article 51.13, Vernon's Ann.C.C.P., in that the affidavit, upon which the warrant was issued, was sworn to before the Judge of the District Court of Logan County, Colorado. We reject appellant's first contention.

Appellant next complains that to extradite him to the State of Colorado would deny him equal protection under the law, since he would be exposed to a heavier penalty under Colorado law where the offense is a felony than under Article 1147, Vernon's Ann.P.C., of this State which makes aggravated assault with a deadly weapon a misdemeanor (under circumstances not amounting to an intent to murder or maim). Appellant cites no authority in support of his position, and we do not know of any requirement of uniformity of penalty for the same or similar offense.

Appellant contends that the Governor's Warrant is based upon insufficient supporting documents because the informa-tion is sworn to before a notary public and not a magistrate.

As heretofore noted in this opinion, the affidavit was sworn to before a Judge of a District Court of Colorado. The warrant was issued out of the same court. This alone is sufficient to support the extradition. Article 51.13, Sec. 3, V.A.C.C.P.; See Ex parte Rhodes, Tex.Cr.App., 467 S.W.2d 425; Ex parte Collins, Tex.Cr.App., 452 S.W.2d 454.

The fact that the information was sworn to before a notary public does not invalidate the supporting papers. Ex parte Goodwin, Tex.Cr.App., 384 S.W.2d 874, urged by appellant, merely stands for the proposition that an information sworn to before a notary public is not an affidavit made before a magistrate. We reject appellant's third contention.

No error has been shown. The order remanding appellant to custody for extradition is affirmed.

Opinion approved by the Court.