Ex parte Ron HARRY.

No. 45801.

Court of Criminal Appeals of Texas.

July 12, 1972.

Charles Kaufman, Big Spring, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order entered in a habeas corpus hearing, remanding appellant to custody for extradition to the State of Oregon.

The State introduced into evidence the Executive Warrant of the Governor of this State. The Warrant recites that the appellant "stands charged by affidavit made before a magistrate with a warrant before the proper authorities, with the crime of Grand Larceny—in violation of O.R.S. 164.310."

The Executive Warrant of the Governor of Texas, which appears regular on its face, made out a prima facie case authorizing remand of appellant to custody for extradition. Ex parte Jackson, Tex. Cr.App., 470 S.W.2d 679; Ex parte Rhodes, Tex.Cr.App., 467 S.W.2d 425; Ex parte Slavin, Tex.Cr.App., 461 S.W.2d 421.

Appellant's first contention is directed to the use of the word *accused* rather than the word *charged* in the complaint accompanying the papers.

The pertinent portion of the complaint recites that, "The above named defendant is accused by this complaint of the crime of Grand Larceny committed as follows, to-wit: The said defendant Ronald E. Harry on or about August 8, 1969, in Linn County, Oregon, then and there being, did then and there unlawfully and feloniously take, steal and carry away certain personal property, to-wit: a C. B. radio, Knight, Transceiver No. SR 23D123D, then and there being the property of Linn County, a political subdivision of the State of Oregon, and of the value of more than $75.00, with intent then and there on the part of the said defendant to permanently deprive the said Linn County of such property." A copy of the larceny statute from Oregon accompanies the papers.

Appellant further complains that the date the affidavit was shown to have been signed was August 19, 1969, and the jurat reflects that it was subscribed and sworn to on July 7, 1971.

The question for our determination is whether appellant is substantially charged with a crime as required by Art. 51.13, Sec. 3, Vernon's Ann.C.C.P. An af-

fidavit or indictment upon which a demand for extradition is based and its sufficiency as a criminal pleading, unless clearly void, will be left to the courts of the demanding state. Ex parte Corley, Tex.Cr.App., 439 S.W.2d 668; Ex parte Gesek, Tex.Cr.App., 302 S.W.2d 417. We find that appellant was substantially charged with a crime in the State of Oregon.

Appellant's complaint that the affidavit was sworn to before a district judg is clearly without merit. Article 51.13, Sec. 3, V.A.C.C.P.; Ex parte Mungia, Tex.Cr.App., 478 S.W.2d 440.

Appellant contends that there is no showing that he can be tried for the offense charged, a felony, by information.

In Ex parte Clubb, 447 S.W.2d 185, this Court said, "A person charged in the demanding state with a felony may be extradited from Texas upon the basis of an affidavit and warrant issued thereon. Whether upon his return to the demanding state, he is to be prosecuted upon an indictment or information is not a question for the courts of Texas to decide in extradition proceedings, but a question for the courts of the demanding state. See Ex parte Mungia, supra.

In his last contention, appellant contends that while the clerk certifies to the correctness of the complaint in the supporting papers from Oregon, that there is in fact no complaint since the word *accused* rather than the word *charged* is used in the document in question. This argument has been answered adversely to appellant in our disposition of his first contention.

No error has been shown. The order remanding appellant to custody for extradition is affirmed.

No motion for rehearing will be entertained or filed by the clerk except by leave of this court after good cause has been shown.

Opinion approved by the Court.