**Ex parte Robert W. LIPPINCOTT.**

**No. 46241.**

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

James L. Norton, Houston, for appellant.[1]

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order entered in a habeas corpus hearing, remanding appellant to custody for extradition to the State of Kansas.

The State introduced into evidence the Executive Warrant of the Governor of this State. The Warrant recites that the appellant "stands charged by affidavit made before a magistrate with a warrant before the proper authorities, with the crime of grand larceny—in violation of Section 21-533, K.S.A."

■ The Executive Warrant of the Governor of Texas, which appears regular on its face, made out a prima facie case authorizing remand of appellant to custody for extradition. Ex parte Harry, Tex.Cr. App., 482 S.W.2d 197; Ex parte Mungia, Tex.Cr.App., 478 S.W.2d 440; Ex parte Jackson, Tex.Cr.App., 470 S.W.2d 679; Ex parte Rhodes, Tex.Cr.App., 467 S.W.2d 425.

Appellant contends that he was not furnished copies of the instruments in the extradition proceeding and that such failure constituted error under Article 51.13, Vernon's Ann.C.C.P. In Ex parte Kronhaus, Tex.Cr.App., 410 S.W.2d 442, this Court said:

"The Uniform Criminal Extradition Act, Article 51.13, Vernon's Ann.C.C.P., provides in Section 3 thereof that the defendant or his attorney is entitled to duplicate copies of the papers supporting extradition described therein. A failure to furnish such papers upon request is reversible error. Ex parte Holmes, 397 S.W.2d 458; Ex parte Tucker, 168 Tex. Cr.R. 286, 324 S.W.2d 853."

■ The transcription of the court reporter's notes does not reflect that appellant made a request for the supporting papers or that he was denied same. Ex parte Kronhaus, supra. See Ex parte

Grant, Tex.Cr.App., 480 S.W.2d 639; Ex parte Posey, Tex.Cr.App., 453 S.W.2d 833. No error is shown.

■ Appellant next contends that the court erred in not considering the application for requisition from the State of Kansas in that appellant was never apprised of nor received copies of the complaint or amended complaint upon which the requisition was based. The record reflects that the Governor's Warrant was introduced into evidence and that a stipulation was entered into by appellant, counsel for appellant and counsel for the State that the person named in the Governor's Warrant is one and the same person as the appellant. After the State introduced the Governor's Warrant and the stipulation, it rested. Appellant did not offer any evidence, nor did he make any requests, objections or motions. In Ex parte Clubb, 447 S.W.2d 185, this Court said:

"Once the Governor's Warrant is placed in evidence then the burden is upon the person named therein to overcome the prima facie proof of the existence of every fact which the Texas Governor was obliged to determine before issuing the extradition warrant. Ex parte Fant, Tex.Cr.App., 400 S.W.2d 332. See also 25 Tex.Jur.2d, Extradition, § 31, pp. 182–183." See Ex parte Posey, Tex.Cr.App., 453 S.W.2d 833.

No error is shown.

■ Lastly, appellant contends that he was not substantially charged with a crime in that there is no such offense as grand larceny in Texas.

In Shannon v. State, 170 Tex.Cr.R. 91, 338 S.W.2d 462, this Court held that theft and larceny are substantially the same offense. See Kanaziz v. State, 382 S.W.2d 485.

The prima facie case made out by the introduction of the Governor's Warrant has not been destroyed by introduction of evidence by either the respondent or relator.

See Ex parte Wilson, Tex.Cr.App., 437 S.W.2d 569.

No error has been shown. The order remanding appellant to custody for extradition is affirmed.

No motion for rehearing will be entertained or filed by the clerk except by leave of this Court after good cause has been shown.

Opinion approved by the Court.