Ex parte Irving ROSENTHAL.

No. 49116.

Court of Criminal Appeals of Texas.

Oct. 30, 1974.

Rehearing Denied Nov. 20, 1974.

Ronald Aultman, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Howard M. Fender, Asst. Dist. Atty., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order entered in the Criminal District Court No. 1 of Tarrant County remanding appellant for extradition to the State of Montana to answer charges of "causing the delivery of a fraudulent check (twenty-one counts) in violation of Sec. 94-2702, R.C.M."

At the habeas corpus hearing, the State introduced the Executive Warrant of the Governor of Texas. It is well established that the introduction of the Governor's Warrant, regular on its face, is sufficient to make out a prima facie case authorizing extradition. See Ex parte Burns, 507 S.W.2d 777, and cases cited there. Following introduction of the Governor's Warrant, the appellant introduced the requisition of the Governor of Montana and supporting documents.

At the outset we are confronted with the issue of whether, upon these documents, the prima facie case made by the warrant, which recites that appellant "stands charged by INFORMATION, SUPPORTING AFFIDAVIT & WARRANT," was negated by the language of the requisition which certified the crime charged "to be a felony under the laws of this State [Montana]."

Appellant was ordered extradited under authority of Article 51.13, Sec. 6, Vernon's Ann.C.C.P. One condition of the exercise of such authority is that the person sought be "charged in such other state in the manner provided in Section 3 with committing" the offense at issue. The requirement of Section 3 referred to is that the demand for extradition be

"accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole."

In Ex parte Peairs, 162 Tex.Cr.R. 243, 283 S.W.2d 755, on Motion for Rehearing, this Court gave the following interpretation of Section 3, supra:

"According to Section 3 of Article 1008a [now 51.13], V.A.C.C.P., no demand shall be recognized unless accompanied by

1. Copy of indictment, or

2. Information supported by affidavit, or

3. Copy of an affidavit made before a magistrate, together with a copy of a warrant which was issued thereupon, or

4. Copy of a judgment of conviction."

It is clear from the warrant and from the requisition and accompanying papers that the instant charge in Montana upon which appellant's surrender is sought to be maintained is by information supported by an affidavit. It is also clear that the charge is for a felony. The question is thereby posed, may one charged for a felony by information be arrested and delivered to a demanding state absent a showing that the laws of that state permit prosecution for a felony upon such an accusatory pleading?[1]

---

1. We note that in Texas one now may be prosecuted for a felony upon an information upon proper waiver of the right to be charged by indictment. Article 1.141, V.A.C.C.P.

For many years the answer to that question was an unqualified "No." In Ex parte Ivy, 419 S.W.2d 862, this Court held:

"In the absence of proof to the contrary, the presumption is that the laws of the State of Washington are the same as the laws of this state and that 'Grand Larceny' (an offense equivalent to Felony Theft) is a felony and prosecution therefor upon 'information, supporting affidavit,' is not authorized. Ex parte Doyal, [162] Tex.Cr.App. [83], 318 S.W.2d 642; Ex parte Cooper, [163] Tex.Cr.App. [642], 295 S.W.2d 906; Ex parte Parker, Tex.Cr.App., 390 S.W.2d 774, and cases cited.

"It follows that the introduction in evidence of the Governor's Warrant was not alone sufficient to make a prima facie case for extradition."

See also Ex parte Drennan, Tex.Cr.App., 417 S.W.2d 177, wherein the petitioner was ordered released because there was no evidence that the offense charged could be prosecuted in Washington upon an information, and Ex parte Drennan, Tex.Cr.App., 461 S.W.2d 420, where the same person was remanded to custody for extradition where subsequently filed papers from Washington led to the issuance of a second warrant by the Governor of Texas, and the law of Washington was shown to permit prosecution for the charged offense on an information.

The well-settled rule of *Ivy*, supra, however, was called into question in Ex parte Clubb, Tex.Cr.App., 447 S.W.2d 185, wherein it was stated:

"Care should be taken to distinguish between extradition and eventual prosecution and between the instruments which form the basis for eventual prosecution in the demanding state. A person charged in the demanding state with a felony may be extradited from Texas upon the basis of an affidavit and warrant issued thereon. Whether upon his return to the demanding state he is to be prosecuted upon an indictment or information is not a question for the courts of Texas to decide in extradition proceedings, but a question for the courts of the demanding state.

"It is true that in extradition proceedings there is a presumption that the law of the demanding state is the same as the law of Texas in the absence of a showing to the contrary. See Ex parte Krarup, [Tex.Cr.App., 422 S.W.2d 173] supra, and in this connection, since a felony may not be prosecuted upon an information in Texas, this Court has consistently held that where the demanding state seeks to extradite an accused from Texas for a felony trial based upon an information in the demanding state, there must be a showing at the habeas corpus hearing that the law of the demanding state permits such procedure. See Ex parte Krarup, supra.

"The continued viability of such holdings, however, with regard to extradition proceedings may be seriously questioned. . . ."

Later, in Ex parte Posey, Tex.Cr.App., 453 S.W.2d 833, this Court reasoned as follows:

"It is true that in extradition proceedings it has been held that there is a presumption that the law of the demanding state is the same as the law of Texas in absence of a showing to the contrary, Ex parte Krarup, Tex.Cr.App., 422 S.W.2d 173 and cases there cited, and if the demanding state seeks to extradite an accused from Texas for a felony trial based upon an information in the demanding state there must be a showing, at the habeas corpus hearing, that the law of the demanding state permits such procedure since in Texas a felony may not be prosecuted upon an information.

"In Ex parte Clubb, Tex.Cr.App., 447 S.W.2d 185, the continued viability of such holdings, however, with regard to extradition proceedings was seriously questioned.

"And this Court has long held that in view of the express provisions of Article 51:13, Sec. 3, Vernon's Ann.C.C.P., an individual may be extradited where he is charged in the demanding state with a felony by 'an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon.' Ex parte Preston, Tex.Cr.App., 434 S.W.2d 136; Ex parte Krarup, supra; Ex parte Clubb, supra. See also Ex parte Green, Tex.Cr.App., 437 S.W.2d 859.

"In such cases it was pointed out that care should be taken to distinguish between extradition and eventual prosecution and between instruments which form the basis for extradition and which form the basis for eventual prosecution in the demanding state. And, where a person charged with a felony in the demanding state may be extradited from Texas upon an affidavit before a magistrate and warrant issued thereon, the question of whether, upon his return to the demanding state, he is to be prosecuted upon an indictment or information is not a question for the courts of Texas to decide in extradition proceedings, but a question for the courts of the demanding state.

"It would seem to be the height of absurdity to say that a person charged with a felony in the demanding state may be extradited upon an affidavit and warrant issued thereon, but that he could not be extradited upon an information supported by an affidavit and a warrant issued thereon by the county judge. And this is particularly true where the information is labeled 'Preliminary Felony Information' and the accompanying Oklahoma law reflects that no person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate or having waived such preliminary examination.

"If it can be argued that the prosecutor failed to make sufficient proof that the laws of Oklahoma permit eventual prosecution of felonies upon an information, no reversible error appears since it is clear that preliminary felony information, supporting affidavit and warrant issued thereon by the county judge serves only as the basis for the extradition."

Is the reasoning of Ex parte Clubb, supra, and Ex parte Posey, supra, valid, or does the rule of *Ivy,* supra, state the proper test?

Our statute, originally enacted in 1951 as Article 1008a, V.A.C.C.P., is still referred to as, and was taken from, the Uniform Criminal Extradition Act. Except for some minor changes of no importance to the issue now before us, our act was taken from the form adopted by the Conference on Uniform State Laws in 1936, and appearing in its Handbook and Proceedings of that year. The notes in that volume reflect the following regarding the origin and basis of the language of Section 3 with which we are here concerned:

" . . . As to the effect to be attributed to the papers accompanying the demand, see Kentucky v. Dennison, 65 U.S. 66, 24 How. 66, 104–109 [16 L.Ed. 717, 728–730] . . . "

In Kentucky v. Dennison, supra, it is stated:

" . . . The governor of the state could not, upon a charge made before him, demand the fugitive; for, according to the principles upon which all of our institutions are founded, the executive department can act only in subordination to the judicial department, where rights of person or property are concerned, and its duty in those cases consists only in aiding to support the judicial process and enforcing its authority, when its interposition for that purpose becomes necessary, and is called for by the judicial department. The executive authority of the state, therefore, was not authorized by this article to make the demand unless the party was charged in the regular

course of judicial proceedings. And it was equally necessary that the executive authority of the state upon which the demand was made, when called on to render his aid, should be satisfied by competent proof that the party was so charged. This proceeding, when duly authenticated, is his authority for arresting the offender."

The purpose of Section 3 in requiring that the demand be accompanied by one of the enumerated set of instruments is to present a showing that the person whose surrender is sought "was charged in the regular course of judicial proceedings." It is not required that the judicial proceedings have advanced to a stage sufficient to permit immediate prosecution. Although this State does not permit prosecution of a felony upon an affidavit before a magistrate, this Court has permitted extradition ordered by the Governor upon a demand accompanied by such a document together with a copy of a warrant issued thereon, because such documents satisfy the statutory requirement.[2] E. g., Ex parte Harry, Tex.Cr.App., 482 S.W.2d 197. If the demand be accompanied by an information supported by an affidavit, it likewise satisfies the statutory requirement to show the accused charged in the regular course of judicial proceedings, and this Court will not look behind such showing absent evidence of fraud. The rule of Ex parte Ivy, Tex.Cr.App., 419 S.W.2d 862, which singled out informations as accompanying instruments under Article 51.13, Sec. 3, supra, for special treatment is unwarranted by the language of the statute and hereby expressly overruled.

Appellant also contends there is a fatal variance "between the accusation and the information and affidavit in support of the information." As stated in Ex parte Bowman, Tex.Cr.App., 480 S.W.2d 675, unless the accusation is clearly void, the question of its validity is for the demanding state. The sufficiency of the indictment, information or affidavit as a criminal pleading is not at issue in the asylum state. The contention is without merit.

Finally, appellant contends he was never in the State of Montana during any of the time in question. It is clear from the record that appellant was demanded and his extradition ordered under authority of Section 6 of the Extradition Act, which permits extradition of one who "commit[s] an act in this State, or in a third State, intentionally resulting in a crime in the State whose Executive Authority is making the demand. . . ." The contention is without merit.

The order remanding appellant to custody for extradition is affirmed.

---

2. Ex parte Posey, supra, however, suggests that it would be "the height of absurdity" to say extradition may be had upon "an affidavit and warrant issued thereon" but not "upon an information supported by an affidavit and a warrant issued thereon." We note that Article 51.13, does not permit extradition upon an affidavit and warrant issued thereon. The provision of Section 3 referred to requires an affidavit made before a *magistrate*. Thus, while it is true that the statement suggested in *Posey* would be the height of absurdity, no such assertion has been made by this Court, and an affidavit *not* before a magistrate, and warrant issued thereon, would be insufficient.