**Ronald JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00441–CR.**

Court of Appeals of Texas,
San Antonio.

March 7, 1984.

Mark Stevens, Goldstein, Goldstein & Hilley, San Antonio, for appellant.

Sam Millsap, Jr., Barry Hitchings, Edward F. Shaughnessy, III, San Antonio, for appellee.

Before ESQUIVEL, REEVES and DIAL, JJ.

### OPINION

ESQUIVEL, Justice.

This is an appeal from an order entered by the trial court remanding appellant for extradition to the state of Indiana to answer charges of "theft in violation of I.C. 35–43–4–2."

At the habeas corpus hearing, the State introduced, without objection, the Executive Warrant of the Governor of Texas. Following introduction of the governor's warrant, the State rested. The appellant did not testify or offer any evidence at said hearing.

■ It is well settled that the introduction of the governor's warrant, regular on its face, is sufficient to make out a *prima facie* case authorizing extradition. *Ex parte Rosenthal*, 515 S.W.2d 114, 116 (Tex. Cr.App.1974); *Ex parte Burns*, 507 S.W.2d 777, 778 (Tex.Cr.App.1974).

Appellant contends in his initial ground of error, that the court erred in ordering him extradited under authority of TEX. CODE CRIM.PROC.ANN. art. 51.01 (Vernon 1979), because the requirements of art. 51.01 were not met in that there was no evidence that he was charged "with treason or felony." In support of his contention, he points out that the executive warrant recites that he stands charged in Indiana "with the crime of THEFT ... in violation of I.C. 35–43–4–2..." and nowhere therein does the warrant contain an allegation or indication that violation of I.C. 35–43–4–2 is either a felony or treason.

Since none of the supporting papers were introduced into evidence, this is not a situation where the governor's warrant was introduced and the *prima facie* case was or was not defeated by the supporting papers. The controlling question before us is whether the governor's warrant is sufficient to show that the appellant was charged with treason or felony under the laws of Indiana.

■ As so ably stated by the Texas Court of Criminal Appeals in *Ex parte Mason*, 656 S.W.2d 470, 471 (Tex.Cr.App. 1983), we are not restricted solely to the record made in the trial court in arriving at this determination. We can, from readily available and easily accessible sources, ascertain with reasonable certainty the statutory provisions of a sister state.

IND.CODE ANN. § 35–43–4–2 (Burns Supp.1983) provides as follows:

35–43–4–2. Theft—Receiving stolen property.—

(a) A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, *a class D felony.*

(b) A person who knowingly or intentionally receives, retains, or disposes of

**826**

the property of another person that has been the subject of theft, commits receiving stolen property, *a class D felony.* [Emphasis added.] *Id.*

Our analysis of the foregoing statute leads us to the conclusion that theft under section 35–43–4–2 is a felony. We therefore hold that the governor's warrant sufficiently establishes that appellant stands charged in Indiana with a felony. Appellant's ground of error number one is overruled.

In his second ground of error, appellant alleges that the trial court erred in denying the relief sought in his application for writ of habeas corpus "in as much as applicant has not been 'substantially charged' with a crime in Indiana, in the absence of a showing that one may be charged for a felony in Indiana by information rather than indictment as is required in Texas." In support of his contention, appellant points out that the governor's warrant recites that appellant "stands charged by Information, Transcript of probable cause hearing held before a judge, and warrant...." Appellant apparently has overlooked the fact that in this state an accused now may be prosecuted for a felony upon an information upon proper waiver of the right to be charged by indictment. *See* TEX.CODE CRIM.PROC.ANN. art. 1.141 (Vernon 1977).

Be that as it may, having previously found that the appellant is charged in Indiana for a felony, we further conclude that appellant is charged with a felony by information. The Texas Court of Criminal Appeals in *Ex parte Rosenthal,* 515 S.W.2d 114, 116 (Tex.Cr.App.1974), has held that a person charged with a felony by information may be arrested and delivered to a demanding state even absent a showing that the laws of that state permit prosecution for a felony upon such an accusatory pleading. *Id.* at 119. Accordingly, appellant's ground of error number two is without merit and is overruled.

The order of the trial court granting extradition and remanding appellant to custody for extradition is affirmed.