**John Richard BABB, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–93–00216–CR.**

Court of Appeals of Texas,
El Paso.

Oct. 13, 1993.

David C. Guaderrama, El Paso County Public Defender, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for state/appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from the denial of a writ of habeas corpus. In his sole point of error, Appellant asserts that the trial court erred in denying habeas corpus relief in that the Application for Requisition in his extradition proceedings fails to allege that he fled the demanding state. We affirm the judgment of the trial court.

## I. PROCEDURAL HISTORY

The record shows that on April 16, 1993, John Richard Babb, Appellant, was charged by Information in the State of Florida with the felony offense of Sexual Battery, in violation of Florida Statute 794.011(2), a capital felony. The record further shows that on April 16, 1993, an additional Information was filed against Appellant in the State of Florida with the felony offense of Sexual Activity with a Child by a Person in Familial or Custodial Authority, in violation of Florida Statute 794.041, a first degree felony. Pur-

**4**

suant to an application from the Governor of the State of Florida, the Governor of Texas issued a warrant authorizing the extradition of Applicant to the State of Florida. Appellant filed his Application for Writ of Habeas Corpus to contest the extradition, which stated that his detention was unlawfully based on the following two grounds:

1.  The application [for extradition to the State of Florida] fails to set forth sufficient facts from which this Court can determine that Applicant is the same person named in the Governor's warrant. More specifically, there is a total lack of fingerprints or other form of positive identification in the Governor's warrant and supporting documents. Applicant should not be extradited against his will to face a charge carrying potential life in prison on the basis of a mere photographic resemblance.

2.  The application for requisition is defective in that it fails to state that JOHN RICHARD BABB has escaped from his confinement or has broken the terms of his bail, probation, or parole as required by art. 51.13(3) of the Texas Code of Criminal Procedure. A copy of the application is attached hereto as Exhibit B.

At the hearing on Appellant's writ of habeas corpus, Appellant established that the Requisition for Extradition from the Governor of Florida, as well as its supporting documents, wholly failed to reflect that Appellant had escaped from confinement or had broken the terms of his bail, probation, or parole. Appellant further established that the requisition and its supporting documents did not contain fingerprints which showed that Appellant is one and the same person who is alleged to have committed the offenses charged. Appellant's request for habeas relief was denied, and this appeal ensued.

## II.  *DISCUSSION*

In his sole point of error, Appellant complains that the trial court erred in denying habeas corpus relief in that the Application for Requisition in his extradition proceedings fails to allege that he fled the demanding state.

■ Initially, we note that the scope of inquiry at a habeas corpus proceeding is limited to the following questions: (1) whether the extradition documents on their face are in order, (2) whether the petitioner has been charged with a crime in the demanding state, (3) whether the petitioner is the person named in the request for extradition, and (4) whether the petitioner is a fugitive. *Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978); *Wright v. State*, 717 S.W.2d 485, 487 (Tex.App.—San Antonio 1986, no pet.).

TEX.CODE CRIM.PROC.ANN. art. 51.13(3) (Vernon 1979) provides that the demand for the extradition of a person charged with a crime in another State shall be recognized by the Governor of Texas if such demand is in writing and alleges that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State. Additionally, the written demand shall be accompanied by one of the following:

☐ a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime; or

☐ a copy of an affidavit before a magistrate from the State having jurisdiction of the crime, together with a copy of any warrant which issued thereupon; or

☐ a copy of a judgment of conviction or a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole.

Further, the accompanying indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State; and the copy of indictment, information, affidavit, judgment or conviction or sentence must be authenticated by the Executive Authority making the written demand. TEX.CODE CRIM.PROC.ANN. art. 51.13(3) (Vernon 1979).

■ In reviewing the record before us for consideration, we note that Appellant's objection at trial and the basis for his writ of

habeas corpus, was that the documents wholly failed to reflect that Appellant had escaped from confinement, had broken the terms of his bail, probation or parole, and further failed to contain fingerprints which showed that Appellant is one and the same person who is alleged to have committed the offenses charged. For the first time on appeal, Appellant complains that the documents failed to reflect that he fled the State of Florida, the demanding state. Appellant failed to make this objection at the habeas hearing, and thus the point now raised does not comport with the objection made at trial. An objection stating one legal theory may not be used to support a different legal theory on appeal; hence, nothing is presented for appellate review. *Johnson v. State*, 803 S.W.2d 272 (Tex.Crim.App.1990); *cert. denied*, —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990). Even assuming arguendo that Appellant has not wholly waived review of his sole point of error, we find his interpretation of TEX.CODE CRIM.PROC.ANN. art. 51.13(3) to be erroneous.

As noted above, the basis for the requisition of extradition of Appellant from Texas to Florida was the alleged commission of a capital as well as a first degree felony in the demanding state. In that regard, it was incumbent on the Governor of the State of Florida, to request the extradition of Appellant, in writing, alleging that Appellant was present in Florida at the time of the commission of the alleged crimes, and that thereafter he fled from the state. Additionally, the written demand shall be accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime. TEX.CODE CRIM.PROC.ANN. art. 51.13(3) (Vernon 1979). The Application for Requisition in the instant case states in pertinent part as follows:

6. That it is not known by the undersigned that the fugitive is under either civil or criminal arrest for any crime alleged to have been committed in the State of Texas **to which he has fled**.... [Emphasis added].

Further, the demand for extradition by the Governor of the State of Florida states in pertinent part as follows:

[A]nd it has been represented and is satisfactorily shown to me that the accused was present in this State at the time of the commission of said crime and **thereafter fled from the justice of this state, and has taken refuge and is now to be found in the State of Texas.** [Emphasis added].

Moreover, the above written demand is accompanied by copies of the informations filed against Appellant, each of which is supported by an affidavit executed before a magistrate of the State of Florida, together with a copy of a warrant for Appellant's arrest.

We find that Appellant has failed to preserve error for appellate review in that his objection on appeal does not comport with his trial objection. Further, assuming that Appellant did in fact preserve error, we find that the written demand for the extradition of Appellant from the State of Texas to the State of Florida correctly alleges that Appellant fled the demanding state. Accordingly, Appellant's sole point of error is overruled.

Having overruled Appellant's sole point of error, the judgment of the trial court is affirmed.