**Thomas Raymond HENSON, a/k/a Michael D. Karoglou, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–93–00433–CR.

Court of Appeals of Texas, El Paso.

June 23, 1994.

Thomas S. Morgan, Midland, TX, for appellant.

Michael L. Fostel, Dist. Atty., Kermit, TX, for appellee/State.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

BARAJAS, Chief Justice.

Thomas Henson appeals from a denial of a writ of habeas corpus to prevent his extradition to Missouri. In March of 1993, Appellant was charged in Cape Girardeau County, Missouri with two counts of stealing by deceit. Appellant then fled Missouri and took refuge in Texas. The Governor of Missouri requested extradition and, in October of 1993, Appellant was arrested in Texas on a Governor's Warrant. He filed an application for writ of habeas corpus which the trial court denied after a hearing on November 18, 1993. We affirm the trial court's judgment.

## DISCUSSION

■ In his sole point of error, Appellant complains that the trial court erred in denying him habeas corpus relief because the charging instrument from the demanding state was void on its face.[1] Appellant argues that he was charged by information with a Class C felony and, because nothing in the record shows that Missouri law permits charging someone with a felony by information, we must assume that Missouri law does not authorize felony prosecution under these circumstances and that the information is void. Appellant thus reasons that the Governor's Warrant was invalid and he was illegally arrested.

■ The introduction of the Governor's Warrant, regular on its face, is sufficient to make out a prima facie case authorizing extradition. *Ex parte Burns,* 507 S.W.2d 777, 778 (Tex.Crim.App.1974). After the State makes out its prima facie case for extradition by the introducing the Governor's Warrant, the burden then shifts to the accused to show that the warrant was not legally issued, that it was not based on proper authority, or that its recitals are inaccurate. *Ex parte Cain,* 592 S.W.2d 359, 362 (Tex.Crim.App.1980). The supporting papers introduced into evidence can defeat or support a prima facie case, regardless of which party may have offered the supporting papers into evidence. *Cain,* 592 S.W.2d at 362. When a court in the asylum state reviews the legality of an arrest under a governor's warrant, one of the few issues the court may consider is whether extradition documents are valid on their face.[2] *See Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978); *Babb v. State,* 868 S.W.2d 3, 4 (Tex.App.—El Paso 1993, no pet.).

Appellant's extradition papers contain a copy of an information, a supporting affidavit, and a warrant for Appellant's arrest, in accordance with Tex.Code Crim.Proc.Ann. art. 51.13(3) (Vernon 1979).[3] As noted above, Appellant argues that the information is void on its face because it charges him with a Class C felony and the record does not estab-

1. Appellant originally brought two points of error, however during the course of oral argument, Point of Error No. Two was specifically abandoned.

2. The scope of inquiry at a habeas corpus proceeding is limited to the following questions: (1) whether the extradition documents on their face are in order, (2) whether the petitioner has been charged with a crime in the demanding state, (3) whether the petitioner is the person named in the request for extradition, and (4) whether the petitioner is a fugitive. *Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978); *Babb v. State,* 868 S.W.2d 3, 4 (Tex. App.—El Paso 1993, no pet.); *Wright v. State,* 717 S.W.2d 485, 487 (Tex.App.—San Antonio 1986, no pet.).

3. Tex.Code Crim.Proc.Ann. art. 51.13(3) (Vernon 1979) provides that the Governor of Texas recognize the demand for the extradition of a person charged with a crime in another State if such demand is in writing and alleges that the accused

was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State. The written demand shall be accompanied by one of the following:

1. a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime; or
2. a copy of an affidavit before a magistrate from the State having jurisdiction of the crime, together with a copy of any warrant which issued thereupon; or
3. a copy of a judgment of conviction or a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole.

Tex.Code Crim.Proc.Ann. art. 51.13(3) (Vernon 1979). *See also Babb,* 868 S.W.2d at 3, 4.

lish that Missouri law authorizes charging an individual with a felony by information.

Appellant relies in large part upon the case of *Goodwin v. State,* 384 S.W.2d 874 (Tex. Crim.App.1964), in which the Court of Criminal Appeals reversed the trial court's ruling on an extradition hearing because there was no showing in the record that a felony offense in Colorado could be prosecuted upon an information. While the *Goodwin* case has not been explicitly overruled, other cases espousing that rule have been. For example, in *Ex parte Ivy,* 419 S.W.2d 862 (Tex.Crim. App.1967), the Court of Criminal Appeals again reversed an order remanding an appellant to custody for extradition. In that case, Ivy had been charged by information in the State of Washington with grand larceny, the equivalent of felony theft in Texas, and the record contained no proof that a felony could be prosecuted upon an information in that state. *Id.* at 862–863. But in *Ex Parte Rosenthal,* 515 S.W.2d 114, 116–18 (Tex. Crim.App.1974), the Court of Criminal Appeals revisited this issue and explicitly overruled *Ivy.*

In *Rosenthal,* the Court carefully considered whether one "charged for a felony by information [could] be arrested and delivered to a demanding state absent a showing that the laws of that state permit prosecution for a felony upon such an accusatory pleading." *Rosenthal,* 515 S.W.2d at 116. In answering this question in the affirmative and rejecting the well-settled *Ivy* rule, the *Rosenthal* Court reasoned that the purpose of the Article 51.13 requirement that an extradition demand be accompanied by one of the enumerated set of instruments is to prove that the person whose extradition is sought was charged in the regular course of judicial proceedings. *Id.* at 118. The Court stated:

> If the demand be accompanied by an information supported by an affidavit, it likewise satisfies the statutory requirement to show the accused charged in the regular course of judicial proceedings, and this Court will not look behind such showing absent evidence of fraud.

The Court thus concluded that the *Ivy* rule, which singled out informations for special treatment, was unwarranted by the language of Article 51.13, Section 3. *Id.* at 119. Under the current rule, the sufficiency of the indictment, information, or affidavit as a criminal pleading is not at issue in the asylum state. *Id.; Ex parte Bucaro,* 656 S.W.2d 217, 219 (Tex.App.—Fort Worth 1983, no pet.). We overrule Appellant's sole point of error.

Having overruled Appellant's sole point of error, we affirm the judgment of the trial court.