Affirmed and Memorandum Opinion filed May 10, 2005









Affirmed and Memorandum Opinion filed May 10, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00962-CR

____________

 

MICHAEL ALFONSO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court 

Harris County, Texas

Trial Court Cause No. 998,653

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Michael Alfonso, filed an application for writ of
habeas corpus challenging his arrest and extradition.  In one point of error, appellant claims the
district court erred in refusing to grant a writ of habeas corpus because the
Governor’s Warrant does not meet the requirements of article 51.13 of the Texas
Code of Criminal Procedure.  We affirm. 








In July 2001, the State of Illinois charged appellant with
first degree murder and aggravated stalking. 
On July 16, 2004, appellant was apprehended in Mexico and deported to
Houston, Texas.  On August 5, 2004,
pursuant to a rendition request from the Governor of Illinois, the Governor of
Texas issued a warrant for appellant’s arrest and extradition to Illinois.

On August 23, 2004, appellant filed an application for writ
of habeas corpus claiming his arrest by Governor’s Warrant was unlawful under
the Uniform Criminal Extradition Act because he was “not a fugitive.”  At the habeas hearing on September 16, 2004,
the State of Texas introduced a copy of the Governor’s Warrant and copies of
the following documents supporting the warrant: 
a complaint alleging the murder and stalking counts; a verification of
the complaint; an affidavit supporting the complaint; and an arrest warrant for
first degree murder.  The affidavit was
sworn before and signed by a “Judge of the Circuit Court of DuPage County,
Illinois” and asserted, “there is probable cause to believe such offense[s
were] committed by the accused.”  The
court admitted the affidavit over appellant’s objection that it did “not state
probable cause, which . . . can be challenged under Ex parte Sanchez.”  The court denied appellant’s request for
habeas relief and remanded him for extradition to Illinois, and appellant filed
a timely notice of appeal.

In his sole point of error, appellant claims the trial court
erred in denying habeas relief because the affidavit offered at the habeas
hearing in support of the Governor’s Warrant was  signed and sworn before an Illinois Circuit
Court Judge, not a magistrate, and, thus, fails to meet the facial requirements
of Texas Code of Criminal Procedure article 51.13, section 3.  See Tex.
Code Crim. Proc. Ann. art. 51.13, § 3 (Vernon Supp. 2004–2005).  In his brief, appellant provides an overview
of Illinois courts and concludes magistrates no longer exist in the State of
Illinois.  Therefore, appellant reasons,
the affidavit must fail under the Texas statute because the State of Illinois
can never meet the requirements of article 51.13 that an affidavit be sworn
before a magistrate.  Appellant concedes
this situation may appear “preposterous,” but maintains the State of Illinois
“still ha[s] the option of providing three other forms of supporting
documentation to extradite an accused from Texas.”








We conclude as a preliminary matter that
appellant failed to preserve his complaint for appellate review at the habeas
proceeding.  Generally, error must be presented at
trial with a timely and specific objection, and any objection that differs from
the complaint on appeal preserves nothing for review.  Sterling v. State, 800 S.W.2d 513, 521
(Tex. Crim. App. 1990); see also Tex.
R. App. P. 33.1.  In other words,
an objection stating one legal theory may not be used to support a different
legal theory on appeal.  Babb v. State,
868 S.W.2d 3, 5 (Tex. App.—El Paso 1993, no pet.) (holding that error was not
preserved in a habeas corpus hearing contesting extradition where challenge to
Governor’s Warrant at hearing differed from challenge raised on appeal); see
also Adams v. State, No. A14‑91‑00466‑CR, 1992 WL 49789,
at *1–2 (Tex. App.—Houston [14th Dist.] Mar. 19, 1992, no pet.) (not designated
for publication) (holding appellant had not preserved Fifth Amendment right
against self‑incrimination complaint for appeal where the lone objection
at the habeas corpus hearing contesting extradition claimed the supporting
documents failed to describe an offense punishable under Texas law).  

At the hearing, appellant objected to the State’s supporting
affidavit on the sole ground the affidavit “does not state probable cause,
which . . . can be challenged under Ex parte Sanchez.”  For the first time on appeal, however,
appellant argues solely that the Governor’s Warrant does not meet the facial
requirements of Texas Code of Criminal Procedure article 51.13, section 3
because a “magistrate” did not sign the supporting affidavit.  As in Babb, appellant’s complaint on
appeal does not comport with his objection raised at the habeas hearing; accordingly,
appellant has failed to preserve any grounds of error for review. 








In any event, even had appellant preserved
error for our review, his argument fails. 
Once the Governor
has granted extradition, a court considering release on habeas corpus can do no
more than decide:  (a) whether the
extradition documents on their face are in order, (b) whether the petitioner
has been charged with a crime in the demanding state, (c) whether the
petitioner is the person named in the request for extradition, and (d) whether
the petitioner is a fugitive.  Rentz
v. State, 833 S.W.2d 278, 279 (Tex. App.—Houston [14th Dist.] 1992, no
pet.).  The State may establish a prima
facie case for extradition at the habeas hearing by  introducing a Governor’s Warrant, regular on
its face, and, once established, the burden shifts to the accused to show that
the warrant was neither legally issued nor based on proper authority or that
its recitals are inaccurate.  Ex parte
Cain, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980).  A prima facie case can be defeated or
supported by the supporting papers introduced, regardless of which party may
have offered the supporting papers into evidence.  Id.

Appellant attempts to defeat the State’s prima facie case for
extradition by alleging the affidavit introduced in support of the Governor’s
Warrant fails under the plain language of Texas Code of Criminal Procedure article
51.13, section 3 because
it  was sworn before an Illinois Circuit
Court Judge, rather than a magistrate. 
Article 51.13, section 3 provides in part that no demand for extradition of a
person charged with a crime in another state shall be recognized unless it is
accompanied by at least a copy of one of the following:  (1) an indictment; (2) an information supported
by affidavit; (3) an affidavit made before a magistrate, together with a copy
of any warrant issued thereupon; or (4) a judgment of conviction or sentence
imposed, together with a statement by an Executive Authority of the demanding
state that the person has escaped from confinement or has broken the terms of
his bail, probation, or parole.  Tex. Code Crim. Proc. Ann. art. 51.13,
§ 3.  

The purpose of section 3 in requiring that
the demand be accompanied by one of the enumerated set of instruments is to
present a showing that the person whose surrender is sought was charged in the
regular course of judicial proceedings.  Ex
parte Rosenthal, 515 S.W.2d 114, 119 (Tex. Crim. App. 1974).  Unless the accusation is clearly void, the
question of its validity is for the demanding state; the sufficiency of the
indictment, information, or affidavit as a criminal pleading is not at issue in
the asylum state.  Id.  Further, if the demanding state has made a judicial
determination that probable cause exists, no further judicial inquiry regarding
probable cause for extradition may occur in the asylum state.  Ex parte Sanchez, 642 S.W.2d 809, 810
(Tex. Crim. App. [Panel Op.] 1982).  If
it appears to the court the accused is charged with an offense and all other
prerequisites have been complied with, the applicant for habeas relief should
be extradited.  Ex parte Flores,  548 S.W.2d 31, 32 (Tex. Crim. App. 1977).  See generally Tex. Code Crim. Proc. Ann. art. 51.13, § 3 (stating that an
“affidavit made before the magistrate must substantially charge the person
demanded with having committed a crime under the law of that State”).








Here, the affidavit, introduced along with a complaint, a
verification, and an arrest warrant, was sworn before and signed by a “Judge of
the Circuit Court of DuPage County, Illinois” and asserts, “there is probable
cause to believe such offense[s were] committed by the accused.”  Thus, appellant appears to have been
substantially charged with an offense in the regular course of judicial
proceedings under article 51.13, section 3. 
Moreover, this court and others have consistently rejected arguments
that an affidavit’s lack of signature or swearing before a magistrate, in
itself, defeats a prima facie case for extradition established by the
State.  See, e.g., Ex parte
Mungia, 478 S.W.2d 440, 441 (Tex. Crim. App. 1972) (holding an affidavit
sworn before a district court judge sufficient under article 51.13,
section 3); Ex parte Martin, No. 14‑03‑00082‑CR,
2003 WL 21283067, at *2 (Tex. App.—Houston [14th Dist.] June 5, 2003, no pet.)
(not designated for publication) (holding an affidavit sworn before a superior
court judge sufficient under article 51.13, section 3).  Therefore, appellant’s sole issue is
overruled.  

The trial court’s judgment is affirmed.

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Memorandum Opinion filed May 10, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish — Tex. R. App. P.
47.2(b).