EX PARTE VERNON G. HARCK

No. 27,267. January 5, 1955.

*Evans J. Karpenko* and *Clyde C. Thomas,* by *Evans J. Karpenko,* Fort Worth, for appellant.

*Howard M. Fender,* Criminal District Attorney, *George Cochran* and *Conard Florence,* Assistants District Attorney, Fort Worth, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an extradition case.

Appellant, being in custody, pursuant to an executive warrant issued by the Governor of this state ordering his return to the state of Arizona to answer an accusation by complaint there pending, sought his release by habeas corpus.

After hearing, he was remanded to custody for extradition, and from this order he appeals.

The contentions of appellant are: "The executive warrant was without legal basis in that: (1) The proof before the Court below shows no demand by the executive of the State of Arizona upon the Governor of this State; (2) Nor is there a certificate by the Governor of the State of Arizona certifying that the complaint charging appellant with the commission of the crime is authentic. Such error is fundamental."

Sec. 3 of The Texas Uniform Criminal Extradition Act (Art. 1008a, V.A.C.C.P.) reads as follows:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, except in cases arising under Section 6, *that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon;* or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before

the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; *and the copy of indictment, information, affidavit,* judgment of conviction or sentence *must be authenticated by the Executive Authority making the demand;* provided, however, that all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments to be delivered to the defendant or to his attorney."

There is no statement or allegation in writing by the Governor of Arizona to the effect that appellant was present in Arizona at the time of the commission of an offense and thereafter fled from that state.

No demand made by the Governor of Arizona on the Governor of Texas for extradition of appellant Harck was offered in evidence.

The record consists of the application of the county attorney of Pima County, Arizona, to the Governor of that state for extradition; accompanied by complaint and affidavit of Roberta Deere, and a warrant of arrest issued by a justice of the peace.

James M. Howsare, the duly elected justice of the peace, certifies that the copies of the complaint and warrant are correct and that the complaint was sworn to before him, and that he issued the warrant. Whereas, we find that the complaint was actually sworn before "Clark H. Johnson, Act. Justice of the Peace of said Precinct," who also signed the warrant of arrest. The clerk and judge of the Supreme Court certify as to Howsare's official status, but make no reference to Clark H. Johnson or his official status.

There is no certification by the Governor of Arizona as to the authenticity of the complaint, the only instrument signed by the executive of that state being the following:

"STATE OF ARIZONA

"EXECUTIVE (SEAL) DEPARTMENT

"THE GOVERNOR OF THE STATE OF ARIZONA, TO ALL TO WHOM THESE PRESENTS SHALL COME, SENDS GREETINGS:

"KNOW YE, that I, HOWARD PYLE, Governor of the State of Arizona, have authorized and empowered, and by these pres-

ents do authorize and empower LON CHAPMAN, D e p u t y Sheriff of Pima County, to receive from the proper authorities of the State of Texas, VERNON G. HARCK, an alleged fugitive from justice, and to convey him to this State, to be dealt with according to law.

"ALL persons are therefore requested to permit the said agent, at his own proper cost, to remove the said VERNON G. HARCK and to transport him, unmolested into this State, the said agent peaceably and lawfully behaving. The State is not liable for any expense incurred in the pursuit, arrest and return of said fugitive except as may hereafter be approved by executive authority.

"IN WITNESS WHEREOF, I have hereunto set my hand and caused the Great Seal of the State to be affixed.

"Done at Phoenix, this thirtieth day of April, in the year of Our Lord One Thousand Nine Hundred and Fifty-four.

"(GREAT SEAL OF THE
 STATE OF ARIZONA)
 (s) "HOWARD PYLE
"Governor of the State of Arizona."

The proclamation of the Governor of Texas recites that demand has been made by the Governor of Arizona for the arrest and delivery to that state of appellant and that such demand was accompanied by copy of the affidavit, complaint and warrant, "duly verified as authentic by the Governor of said State."

The testimony shows that there were no papers before the Governor of this state other than those, copies of which were admitted in evidence upon the hearing of this application for habeas corpus.

The record therefore shows that the recitations of the Governor's proclamation ordering the return of appellant to Arizona are in error, and there was in fact (1) no demand made by the Governor of the state of Arizona upon the Governor of this state, but only the appointment of an agent to receive appellant and convey him to Arizona. (2) The affidavit and complaint upon which the county attorney of Pima County, Arizona, based his request to the Governor of Arizona are not verified by said Governor, and in fact are not verified at all as sworn to before Johnson, acting justice of the peace.

The evidence heard was sufficient to overcome the presumption as to the regularity and sufficiency of the Governor's warrant, and shows no authority for the extradition of appellant.

The judgment is reversed and appellant is ordered discharged.