**Ex parte Edward McNEELY.**

**No. 35033.**

Court of Criminal Appeals of Texas.

Nov. 28, 1962.

Rehearing Denied Jan. 23, 1963.

Alan Haley, Houston, for appellant.

Frank Briscoe, Dist. Atty., and Carl E. F. Dally, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

This is an extradition case.

The demand of the Governor of the State of Mississippi was not executed by him or anyone performing his executive functions as provided by Section 1 of Article 1008a (Uniform Criminal Extradition Act), Vernon's Ann.C.C.P. The record is therefore void of "a statement of the Executive Authority of the demanding state that the person claimed" is subject to extradition, as is required by Section 3 of such Act.

This question does not appear to have been heretofore before this Court but was decided recently in McGahagin v. State, 131 So.2d 425 (1961), wherein the Alabama Court had before it a demand from the State of California signed "Edmund G.," which the Court held could not be regarded as the official signature of the Governor of California. In the case at bar, the line for the signature of the Governor of Mississippi is blank, and therefore presents a stronger case than McGahagin.

Also, recently in Ex parte Harck, 160 Tex.Cr.R. 602, 274 S.W.2d 74, this Court held that where the record shows that in fact there was no demand from the Governor of Arizona the presumption as to the regularity of the Executive Warrant of the Governor of this State was overcome.

The order of the District Court is reversed, and appellant is ordered discharged.