**Ex parte Roberto SANCHEZ.**

**No. 67260.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 22, 1982.

**810**

See also, Tex.Cr.App., 605 S.W.2d 289.

Sue Rosson Tejml, Bay City, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

Roberto Sanchez, applicant, is making his second appearance before this Court in contesting efforts by officials of Texas to extradite him to Indiana where he is wanted for committing the criminal offense of "Confinement," which is similar to the Texas criminal offense of "Interference with Child Custody." See V.T.C.A., Penal Code, Sec. 25.03. See also *Ex parte Sanchez,* 605 S.W.2d 289 (Tex.Cr.App.1980). In *Ex parte*

*Sanchez,* Id., this Court held that reversible error was committed when it was established that neither the applicant nor his attorney had been furnished copies of the documents supporting the Governor of Indiana's request for the extradition of the applicant, even though a timely request had been made for those documents. On remand from this Court, the cause was dismissed, new papers were obtained from Indiana, and applicant was arrested. He thereafter filed an application for writ of habeas corpus and a hearing was held, after which the trial court ordered applicant remanded to custody to be extradited to Indiana. Applicant appeals the decision of the trial court. This Court will not grant the applicant relief, but for different reasons than those stated in the first appeal will abate the appeal.

It is undisputed and uncontroverted that there has not been a judicial determination, either in Indiana or Texas, that probable cause exists for the extradition of the applicant to Indiana.

The Supreme Court, in *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521, 528 (1978), expressly held that "once the Governor of the asylum state has acted on a requisition for extradition *based on the demanding state's judicial determination that probable cause existed,* no further judicial inquiry may be had on that issue in the asylum state ... *when a neutral judicial officer of the demanding state has determined that probable cause exists,* the courts of the asylum state are without power to review the determination."

Thus, where the Governor of Texas has acted favorably on a requisition for extradition and if the demanding state has made a judicial determination that probable cause exists, no further judicial inquiry regarding probable cause for extradition may occur in Texas. However, where a judicial determination that probable cause exists for the extradition of the applicant to Indiana has never been made, either in Indiana or Texas, and that issue has been timely and prop-

erly raised, may a Texas court make that determination? We answer the question in the affirmative.

*Michigan v. Doran,* supra, implicitly holds that there shall be a judicial determination that probable cause exists before a person found in an asylum state may be extradited. See also *Cuyler v. Adams,.449* U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981). Although this appears to be a case of first impression before this Court, we observe that the Supreme Court of Wisconsin, in *State v. Uttech,* 31 Wis.2d 664, 143 N.W.2d 500 (1966), recently addressed the issue. There, that Court was also concerned with a request to extradite a defendant from Wisconsin to Indiana. The Court answered the following question in the affirmative: "Can this court in testing the legality of the arrest in a habeas corpus proceeding go behind the governor's rendition warrant and examine the affidavit and warrant and other documents issued in Indiana to determine whether they meet the constitutional requirements for arrest for extradition purposes and the statutes of Wisconsin for such purpose?" In arriving at its answer, the Wisconsin Court pointed out that Wisconsin, as well as Texas and other States of the Union, has enacted the Uniform Criminal Extradition Act as legislation ancillary and in aid of Article IV, Section 2, and 18 U.S.C.A. Sec. 3182, which govern the extradition of persons from one State to another State. In holding that the judiciary of Wisconsin may examine constitutional questions affecting the legality of an arrest in that state for extradition-at least where constitutional standards are shown not to have been complied with on the face of the documents—the Court stated that otherwise there would be very little purpose in providing a statutory right to a habeas corpus "to test the legality of his arrest. The legality of arrest on the governor's warrant at most is only prima facie valid ... Not to examine the sufficiency of the foundation documents on direct attack as in a habeas corpus proceedings would make the presumption conclusive. Nor is there any purpose in requiring copies of the information or affidavit and warrant if they are not to be examined to see if the demand or requisition is proper and can serve as a valid basis for a governor's rendition warrant."

In its opinion, the Wisconsin Court correctly interpreted this Court's decision of *Ex parte Harck,* 160 Tex.Cr.R. 602, 274 S.W.2d 74 (1955), and stated that this Court had held that the Arizona documents for extradition in that cause did not satisfy the provisions of the Uniform Criminal Extradition Act of Texas, see Art. 51.13, Sec. 3, V.A.C.C.P., which statute is substantially the same as Wisconsin's statute, and the Court held that was sufficient to overcome the presumption of the legality and sufficiency of the rendition warrant of the governor.

We are in accord with the Supreme Court of Wisconsin that a person whose extradition is sought may cause a judicial inquiry into the legality of his detention under the governor's warrant. If the documents from the foreign state do not meet the requirements of Sec. 3 of Art. 51.13, supra, or of constitutional standards, the rendition warrant should not issue and the applicant shall be entitled to his discharge. For a further and more detailed discussion of this subject, see the annotation, "Necessity that demanding state show probable cause to arrest fugitive in extradition proceedings," 90 A.L.R.3d 1085. See also *Battles v. State,* 389 So.2d 957 (Ala.Cr.App.1980), cert. denied, 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 426 (1981) (Dissenting opinion by the Chief Justice, joined by Justices Blackmun and Rehnquist).

After carefully reviewing the documents in the record of this cause, in support of Indiana's demand for the extradition of the applicant, we are unable to find where a judicial determination as to probable cause for the applicant's extradition has ever occurred; either in Indiana or Texas. Although it would be far better for the officials of the demanding state to make the

judicial determination of probable cause, we find no prohibition in *Michigan v. Doran,* supra, the Federal or State Constitutions, or in our laws, that would preclude a neutral judicial officer of this State from making that determination. E.g., *Ex parte Moore,* 579 S.W.2d 475 (Tex.Cr.App.1979). See also *Ex parte Cain,* 592 S.W.2d 359 (Tex.Cr.App. 1980).

We, therefore, abate the appeal and remand the cause to the trial court for it to determine if a judicial determination of probable cause may be made in this State. If the trial court concludes that it can make that determination, then it shall hold a hearing on that issue, make findings of fact and conclusions of law, and transmit the entire record of that proceeding to this Court. If the trial court concludes that a judicial determination cannot be made, then it shall dismiss the cause and discharge the applicant from any further restraint.

DALLY, J., dissents.

ROBERTS, Judge, concurring.

It is not enough to say that "we find no prohibition in *Michigan v. Doran,* supra, [in] the Federal or State Constitutions, or in our law, that would preclude" a determination of probable cause. We must ask as well whether there is a requirement in the law

that would impose a duty to make such a determination.

The Fourth Amendment requires, "The right of the people to be secure in their persons ... against unreasonable ... seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing ... the persons ... to be seized." This is a requirement, inter alia, of "a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Gerstein v. Pugh,* 420 U.S. 103, 114, 95 S.Ct. 854, 863, 43 L.Ed.2d 54 (1975).

I think that the Fourth Amendment requires a judicial determination of probable cause before a person may be extradited. Therefore, the asylum state may—indeed, must—determine whether a demand for extradition is supported by probable cause. *Michigan v. Doran,* 439 U.S. 282, 290, 99 S.Ct. 530, 536, 58 L.Ed.2d 521 (1978) (Blackmun, J., concurring). *See generally id.* at 291–292 n. 2, 99 S.Ct. at 536–537 n. 2 (collecting cases); Annotation, 90 A.L.R.3d 1085 (1979).

The demanding state having failed to make a determination of probable cause,* the courts of this state must enforce the appellant's Fourth Amendment rights. I join the judgment on that basis.

---

* Judge Teague's opinion speaks of "a review of all of the documents to support Indiana's demand for extradition," and says that "there is a form on the back of, what is denominated 'Affidavit for Probable Cause,' but the blanks on the form have not been filled in ...." This seems to me to confuse two exhibits. The documents which support Indiana's demand for extradition (SX–1) have no form on the back of the affidavit. There is an affidavit which has a blank form on its back (Resp. Exh. 3), but it is not part of the documents which support Indiana's demand for extradition; it was part of a set of documents which the Matagorda County Sheriff's Department received from the Howard County, Indiana, Sheriff's Department, and they were sent before any extradition proceedings began. I agree that there is no evidence of a probable cause determination in the demanding state.