Hayward JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00497–CR.

Court of Appeals of Texas, San Antonio.

Feb. 15, 1984.

Rehearing Denied March 11, 1984.

Harry A. Nass, Jr., San Antonio, for appellant.

Sam Milsap, Jr., Barry Hitchings, Edward F. Shaughnessy, III, San Antonio, for appellee.

Before ESQUIVEL, REEVES and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a denial of appellant's application for writ of habeas corpus which contested his extradition to the State of California.

The Governor of the State of Texas issued a warrant directing that appellant be arrested so that he might be taken back to the State of California where he was charged by information with the crimes of aggravated assault with infliction of great bodily injury and mayhem. At the hearing before the Honorable David Berchelmann, the State offered the Governor's warrant and rested. Introduction of the Governor's warrant, regular on its face establishes a *prima facie* case authorizing the extradition of the fugitive. The burden is then on the accused to show that the warrant was not legally issued. *Ex parte Evans,* 411 S.W.2d 367, 368 (Tex.Cr.App.1967). The appellant then offered the requisition from the Governor of California to the Governor of Texas and what purported to be all of the documents which accompanied the requisition. They consisted of (1) APPLICATION FOR REQUISITION, (2) various sections of the California Penal Code, (3) Affidavit of Deputy Sheriff Don Vine, (4) a telegram from the Bexar County Sheriff's Office, (5) an INFORMATION signed by a deputy district attorney accusing the appellant of assault and mayhem. The appellant rested. The trial judge denied relief under the petition for writ of habeas corpus.

Consistent with his counsel's succinct oral summation, "Hayward don't want to go," appellant perfected this appeal. Appellant's sole ground of error is that the supporting papers are fundamentally defective in that there was no valid determina-

tion of probable cause in the State of California.

Appellant argues that: (1) the APPLICATION FOR REQUISITION refers to and relies upon the affidavit of one George Rose; (2) nowhere in the supporting papers is there any affidavit from an individual named George Rose; (3) therefore, no determination of probable cause has been made in either the demanding State or in the asylum State.

The pertinent sentence of the APPLICATION FOR REQUISITION is quoted herewith:

I have the honor herewith to make application for requisition upon the Governor of the State of Texas for the arrest and rendition of HAYWARD JACKSON who is/are charged/convicted in this county with the crime of felony to-wit: assault with great bodily injury, mayhem and who failed to appear for trial; and who, as appears from the accompanying proof, and particularly the annexed affidavit of George Rose (responsible person and entitled to credit) is/are a fugitive(s) from the justice of this State, and has/have taken refuge in the State of Texas, at San Antonio.

▮ The Uniform Criminal Extradition Act TEX.CODE CRIM.PROC.ANN. art. 51.13 § 3 (Vernon 1982) requires that the demand for extradition allege that the accused was in the demanding State at the time of the crime and fled therefrom. It is apparent that the affidavit of George Rose is relied upon as part of the proof that the appellant is a fugitive from California. It was in no way used as supporting evidence

for a finding of probable cause. The affidavit of Los Angeles County Deputy Sheriff Don Vine, also offered into evidence by appellant, states that the appellant was accused by Information with assault and mayhem and failed to appear when the case was called for trial. It further states that appellant was under arrest and has refused to waive extradition from San Antonio, Texas. This adequately establishes appellant's status as a fugitive. The fact that the APPLICATION FOR REQUISITION mentioned the name of George Rose and that the affidavit of another individual which established appellant's status as a fugitive actually accompanied the document would not in any way invalidate the Governor's warrant.

▮ It is noted that appellant is not complaining of the absence of any of the accompanying documents required by art. 51.13 § 3.[1] He concludes from the supporting papers that there was no valid determination of probable cause in the State of California. The order of the municipal court judge, offered into evidence by appellant, refutes appellant's contention. It contains the following language:

It appearing to me that the offense in the within complaint mentioned, to-wit, violation of section 245(a) Penal Code— Count 1, violation of section of 203— Count 2, has been committed, and that there is sufficient cause to believe the within named defendant guilty thereof, I order that he be held to answer to the same and that he be admitted to bail in the sum of Three Thousand ($3,000.00) Dollars and that he be committed to the

---

1. Art. 51.13 § 3—No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging, except in cases arising under Section 6, that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand; provided, however, that all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments to be delivered to the defendant or to his attorney.

custody of the Sheriff of Los Angeles County until he give such bail.

■ Accordingly, we find that a judicial determination was made in the State of California that probable cause existed. That being so, the courts of the State of Texas are without power to review that determination. *Michigan v. Doran*, 439 U.S. 282, 291, 99 S.Ct. 530, 536, 58 L.Ed.2d 521, 528 (1978), *Ex parte Sanchez*, 642 S.W.2d 809, 810 (Tex.Cr.App.1982). The single ground of error is overruled.