**Ex parte Merrill Edward CUNDY, Petitioner.**

**No. 04–84–00239–CR.**

Court of Appeals of Texas, San Antonio.

April 30, 1985.

Rehearing Denied May 28, 1985.

Discretionary Review Refused July 10, 1985.

Martin Underwood, Comstock, Joseph A. Connors, III, McAllen, for appellant.

Thomas F. Lee, Dist. Atty., Del Rio, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

CADENA, Chief Justice.

This is an appeal from an order of the trial court, following a habeas corpus hearing, remanding appellant to custody for extradition to the State of South Dakota. Appellant challenges the order on the grounds that the documents supporting the Governor's Warrant do not show that a judicial determination has been made that probable cause existed to believe that the alleged felonies were committed by him; and that there was no showing that he is the same person as the one named in the request for extradition.

We affirm.

A *prima facie* case for extradition is established by introduction into evidence of the Governor's Warrant, regular on its face. But such *prima facie* case may be defeated by the supporting documents. *Ex parte Mason,* 656 S.W.2d 470 (Tex.Crim. App.1983). Among the documents introduced are an amended complaint charging appellant with commission of the offense in question and a warrant for his arrest.

The complaint is sworn to before a South Dakota magistrate by the prosecuting attorney, and the warrant of arrest issued by the magistrate meets all of the requirements of a warrant under TEX. CODE CRIM.PROC.ANN. art. 15.02 (Vernon 1977). Appellant made no objection to the introduction of these documents, nor did he offer evidence tending to prove that, in fact, a judicial determination of probable cause had not been made. We cannot conclude that the Governor's Warrant, valid on its face, is defeated by the supporting documents.

In any event, absent a judicial determination of probable cause by the demanding state, such judicial determination may be made by the State of Texas, the asylum state. *Ex parte Sanchez,* 642 S.W.2d 809, 811, 812 (Tex.Crim.App.1982). In *Sanchez,* the appeal was abated and the cause was remanded to the trial court so that it could determine if a judicial determination of probable cause could be made in Texas. *Sanchez, supra* at 812. Abatement is not required in this case since the record reflects sufficient basis for the required judicial determination of probable cause. Since the trial court ordered the surrender of appellant to the State of South Dakota, we may presume that it found all facts which are necessary to support its judgment, including the determination of probable cause.

The judgment of the trial court is affirmed.