**Ex parte Claude L. HUNTER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–85–259–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 26, 1985.

Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Theodore C. Hake, Edinburg, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

The trial court denied appellant habeas corpus relief which he had sought to pre-

vent his extradition to Mississippi. We affirm the judgment of the trial court.

 The sole issue on appeal is whether the documents supporting the Governor of Mississippi's request for extradition show a judicial determination of probable cause for appellant's arrest. If the documents show that a Mississippi judge has found probable cause to arrest appellant, Texas courts must honor this finding, for when a judicial officer in a demanding state has found probable cause to arrest, the asylum state may not review that finding because it is clothed with the traditional presumption of regularity. *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978).[1] If, however, no judicial determination was made in the demanding state, Texas courts must determine if probable cause exists to arrest the accused before allowing extradition. *Ex parte Sanchez*, 642 S.W.2d 809 (Tex.Crim. App.1982).[2]

 In this case, the papers from Mississippi contain a document titled "warrant." It commands the officers of Harrison County Mississippi to take the body of Claude Hunter and bring him before the Justice Court Judge *instana* to answer the State of Mississippi on the charge of kidnapping. The warrant is signed by the judge of the Justice Court. While the warrant contains neither a recital that it is based on probable cause, nor facts from which a probable cause determination could be made, we find that this warrant is sufficient to show a judicial finding of probable cause.

While we find no Texas case on point, several other states have considered cases where arrest warrants supporting extradition did not contain recitals of probable cause. *State ex. rel. Meyers v. Miller*, 388 So.2d 1358 (Fla. 5th Dist.1980); *People ex.*

*rel. Coster v. Andrews*, 104 Misc.2d 506, 428 N.Y.S.2d 594 (1980); *Keefer v. Leach*, 198 Colo. 101, 597 P.2d 203 (1979). In *Keefer*, the Colorado Supreme Court held that when "a state's law requires a judge to find probable cause before issuing a warrant, the presence of the warrant in the requisition documents establishes probable cause" for purposes of extradition. Likewise, in *Coster v. Andrews*, 428 N.Y.S. at 597, the New York court stated "we presume the issuance of the warrant by the Utah magistrate to have been made pursuant to a probable cause statutory requirement, and consider a finding of probable cause implicit in the act of the Utah magistrate such as to preclude us from further inquiry" (under *Michigan v. Doran*).

Likewise, in *State ex. re. Meyers v. Miller*, the Florida court found that since arrest warrants may only issue upon probable cause, the arrest warrant issued in Tennessee represented a determination that probable cause existed. *See also Garrison v. Smith*, 413 F.Supp. 747 (N.D.Miss.1976); *Smith v. Helgemoe*, 117 N.H. 91, 369 A.2d 218 (1977).

 The constitutional requirement that no warrant shall issue, but upon probable cause, supported by oath or affirmation and particularly describing the person or things to be seized, applies to arrest as well as search warrants. *Giordenello v. United States*, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). The Fourth Amendment is applicable to the states via the Fourteenth Amendment. *Wolf v. Colorado*, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949). A detached neutral magistrate's decision to issue an arrest warrant should be based on probable cause. *Butler v. State*, 296 So.2d 673 (Miss.1974).

---

1. Before *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521, the states were split over whether the asylum state could make its own determination of probable cause, or under what circumstances such an inquiry could be made. 90 A.L.R.3rd 1085. After *Michigan v. Doran*, the asylum state must accord the demanding state's determination of probable cause the presumption of regularity.

2. The opinion in *Ex parte Sanchez*, 642 S.W.2d 809 (Tex.Crim.App.1982) does not reveal which documents allegedly supported Indiana's demand for extradition. We presume an arrest warrant issued by a magistrate was not among the papers.

**856**

The warrant of arrest from the State of Mississippi, which is signed by the judge of the Justice Court, implicitly contains a judicial determination that there is probable cause to arrest appellant. Because of this implicit finding of probable cause by the Mississippi Magistrate, we refuse to go behind that determination to inquire whether the affidavit accompanying the warrant and arguably serving as the basis on which the warrant was issued contains probable cause for the warrant or is otherwise defective. Accordingly, appellant's grounds of error are overruled and the judgment of the trial court is affirmed.