**Ex parte Connie Manthei BATY.**

**No. 2–89–222–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 28, 1990.

Law Offices of Moore & Moore, and Larry M. Moore, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Loretta Stauffer, Asst. Dist. Atty., Fort Worth, for the State.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION ON WRIT OF HABEAS CORPUS

DAY, Justice.

This is an appeal from the denial of relief after hearing upon a writ of habeas corpus to test the validity of appellant's arrest on the Governor's Warrant in an extradition proceeding. The issue before us is whether the Governor's Warrant and its supporting documents sufficiently reflect that a judicial determination of probable cause was made prior to the issuance of the arrest warrant in the demanding state. We hold that there was a judicial determination of probable cause for the issuance of the warrant for appellant's arrest in the demanding state. Therefore, the trial court's denial of habeas corpus relief was proper.

Appellant was arrested by the Tarrant County Sheriff's Office under the authority of a Texas Governor's Warrant. Demand had been made by the Governor of the State of Oklahoma to the Governor of the State of Texas for the extradition of Connie Manthei, aka Connie Doggett, aka Connie Baty, aka Connie Nadeau. She was charged in Oklahoma with unlawful manufacture of controlled drugs, conspiracy to commit a felony, the manufacture of controlled dangerous substance, and conspiracy to commit a felony, the trafficking of illegal drugs.

The State introduced the Texas Governor's Warrant into evidence after the trial court overruled Baty's objection to its introduction. Baty subsequently offered the Requisition from the State of Oklahoma and other "supporting papers," which included a Probable Cause Affidavit, the Arrest Warrant, and four Informations charging Baty with the various drug-related offenses set forth above. The trial court denied relief and ordered Baty remanded to the custody of the Tarrant County Sheriff pending transport to the State of Oklahoma. From the denial of this relief, Baty appeals.

■ In her first and second points of error, Baty asserts the trial court erred in denying her relief, because the Governor's Warrant was not based on probable cause, which violated her due process rights under the United States Constitution as well as her right to due course of law under the Texas Constitution. This contention is based upon the claim that there had been no judicial determination in Oklahoma of the existence of probable cause to charge and arrest appellant.

The supporting documents attached to the Governor's Warrant included four Informations charging Baty with four separate offenses and a Warrant of Arrest dated June 5, 1989, signed by Judge William W. Eakin of Jefferson County, Oklahoma. Although the warrant does not specifically indicate that it was issued after a judicial determination of probable cause, an "Affidavit of Probable Cause" sworn to by the sheriff of Jefferson County, Oklahoma, does appear in the record.

Our Court of Criminal Appeals, in *Ex parte Sanchez*, 642 S.W.2d 809, 810 (Tex. Crim.App. [Panel Op.] 1982), pointed out that the Supreme Court, in *Michigan v.*

*Doran,* 439 U.S. 282, 290, 99 S.Ct. 530, 536, 58 L.Ed.2d 521, 528 (1978) expressly held that "once the Governor of the asylum state has acted on a requisition for extradition *based on the demanding state's judicial determination that probable cause existed,* no further judicial inquiry may be had on that issue in the asylum state. . . ." The Court of Criminal Appeals then wrote that "*Michigan v. Doran,* supra, implicitly holds that there shall be a judicial determination that probable cause exists" before a person may be extradited. *Id.* at 811.

In a subsequent case, it was held that even though the warrant issued in the demanding state "contains neither a recital that it is based on probable cause, nor facts from which a probable cause determination could be made," the warrant itself is sufficient to show a judicial finding of probable cause. *See Hunter v. State,* 697 S.W.2d 854, 855 (Tex.App.—Corpus Christi 1985, no pet.). In *Hunter,* the Court adopted the reasoning employed in decisions of sister states to the effect that a warrant must be based upon a finding of probable cause to pass statutory and constitutional muster, in holding that the warrant under consideration implicitly contained a judicial determination that there was probable cause to arrest the appellant therein.

Although appellant has cited *Hunter* regarding its statement to the effect that in the absence of a judicial determination of probable cause by the demanding state, such determination should be made by the asylum state before allowing extradition, she has not addressed the basic holding of *Hunter* that we referred to above, even though the State relies on that holding in its brief. Under those circumstances we will follow *Hunter* and hold that the Warrant of Arrest from the State of Oklahoma, signed by District Judge William W. Eakin, implicitly contained a judicial determination that there was probable cause to arrest appellant. Because of that implicit finding of probable cause, we may not review the finding because it is clothed with the traditional presumption of regularity, behind which we cannot go to inquire whether the affidavit accompanying the warrant contains probable cause or is otherwise defec-

tive. *Id. See also Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521. Points of error one and two are overruled.

▮ In her third point of error, Baty argues the trial court erred in denying her relief, because the documents in support of the Governor's Warrant were irregular. Baty argues that the Warrant of Arrest states that "Preliminary felony complaints" were filed and constituted the basis for the issuance of the warrant, when in actual fact, four "Informations" signed by the prosecuting attorney were the documentation on which this warrant was based. In addition, she argues the Affidavit of Probable Cause alleges an impossible date on which it was purportedly subscribed and sworn to. Baty asserts that such irregularities in the supporting documentation operate to overcome the presumption of regularity afforded the Governor's Warrant and demonstrate that the warrant was illegally issued, citing us to *Ex parte Davenport,* 719 S.W.2d 391, 392 (Tex.App.—Fort Worth 1986, no pet.).

We disagree.

As we read *Davenport,* the decision simply holds that "stamped" signatures are sufficient for a Governor's Warrant to be considered "regular on its face" and that such warrant is prima facie evidence that the constitutional and statutory requirements for extradition have been met. Such holding is not applicable to appellant's complaint in this case. If, in fact, the terms "preliminary felony complaints" and "informations" are not used interchangeably in Oklahoma, we will not hold any mischaracterization of the documents to be an "irregularity" sufficient to defeat extradition, in the absence of argument or authority to the contrary. We reach the same conclusion regarding the discrepancies in the dates set out in the affidavit of probable cause.

Baty's third point of error is overruled.

The judgment of the trial court is affirmed.