### Ex parte Mark Anthony ROSAS.

### No. 2–90–343–CR.

Court of Appeals of Texas, Fort Worth.

May 31, 1991.

**316**

Law Office of Moore & Moore and Larry M. Moore, for appellant.

Tim Curry, Criminal Dist. Atty., and Lynn Allison, Asst. Dist. Atty., for appellee.

Before JOE SPURLOCK, II, HILL and DAY, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

This is an appeal from the denial of relief after a hearing upon a writ of habeas corpus to test the validity of appellant's arrest on a Governor's Warrant in an extradition proceeding.

We affirm.

The State of North Carolina charged appellant, Mark Anthony Rosas, with violating the conditions of his probation in that state. Appellant was then arrested in Tarrant County pursuant to a warrant issued by the Governor of Texas. He then filed his application for writ of habeas corpus. At the hearing held pursuant to the writ of habeas corpus, the warrant was admitted into evidence along with its supporting documents. They included, inter alia, the request from the Governor of North Carolina, a violation report signed by appellant's probation officer, and the "Order of Arrest" of appellant signed by a North Carolina district court judge.

Appellant argues that for an extradition to be valid, there must have been a judicial determination of probable cause. *Michigan v. Doran*, 439 U.S. 282, 290, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). *Ex parte Sanchez*, 642 S.W.2d 809, 811 (Tex.Crim.App. [Panel Op.] 1982). In *Doran*, the Supreme Court implied that there must have been a determination of probable cause by its holding that "when a neutral judicial officer of the [state demanding extradition] has determined that probable cause exists, the courts of the asylum state are without power to review the determination." *Doran*, 439 U.S. at 290, 99 S.Ct. at 536. The Texas Court of Criminal Appeals has construed that passage to allow a determination of probable cause in a Texas court if there has been none in the demanding state. *Sanchez*, 642 S.W.2d at 811–12. The court reasoned that were it not possible to look behind the Governor's request into the constitutional and statutory basis for the extradition, application for habeas corpus would be an empty gesture, a cause for which there was no remedy. *Id.* at 811; *see also* U.S. Const. art. IV, § 2; 18 U.S.C. § 3182 (1979); TEX.CODE CRIM.PROC. ANN. art. 51.13, § 3 (Vernon 1979).

The Supreme Court, on the other hand, in *Doran* decided that "[t]o allow plenary review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purposes of the summary and mandatory procedures authorized by Art. IV § 2." *Doran*, 439 U.S. at 290, 99 S.Ct. at 536. Those plain purposes, according to the Court, were "to enable each state to bring offenders to trial as swiftly as possible" in the state where those crimes were committed. *Id.* at 287, 99 S.Ct. at 534. Like the full faith and credit clause, found just preceding the extradition clause, the extradition clause of the constitution was intended to unify the growing nation by precluding states from becoming sanctuaries against enforcement efforts of sister states for either fugitives from justice or judgment debtors. *Id.* In enacting article IV, the framers and ratifiers of the constitution never "contemplated that the asylum state was to conduct the kind of preliminary inquiry traditionally intervening between the initial arrest and trial." *Id.* at 288, 99 S.Ct. at 535.

■ *Sanchez* holds that where no judicial finding of probable cause appears on the face of the documents supporting the Governor's request for extradition, a Texas district court may inquire into whether there was probable cause. Appellant argues that since the North Carolina statutory system does not require a finding of probable cause for arrest on probation vio-

lation, the trial court erred in not granting relief on the writ. Alternatively, though appellant does not suggest that we should remand his cause to the trial court for a probable cause hearing, the trial court may have erred in not holding a hearing pursuant to *Sanchez* to determine whether there was probable cause. We disagree with both arguments.

*Sanchez* is distinguishable on its facts. In that case, the court of criminal appeals noted that it was "undisputed and uncontroverted that there has not been a judicial determination, either in Indiana [the state demanding extradition] or Texas, that probable cause exists for the extradition of the applicant to Indiana." *Sanchez*, 642 S.W.2d at 810. Further, the court stated that it could not find such a determination in the *record* on appeal. *Id.* at 811. The court therefore remanded the case to the trial court for a hearing on probable cause.

The essence of the holding in *Sanchez* is that where no determination of probable cause appears on the face of the extradition documents, granting of habeas corpus relief is not automatic because a Texas court may, insofar as it is able, seek to determine whether there was probable cause in the demanding state. *Ex parte Cundy*, 693 S.W.2d 636, 637 (Tex.App.— San Antonio 1985, pet. ref'd). However we do not believe that *Sanchez* requires a full evidentiary hearing on probable cause in the trial court in all cases.

Appellant bases his arguments for his release upon the fact that in North Carolina, a person accused of a probation violation may be arrested upon *either* the order of a court or written request of a probation officer together with the officer's signed statement detailing the specific conditions of probation violation of which the probationer is accused. N.C.GEN.STAT. § 15A–1345(a) (1990). No hearing on probable cause need be held before seven days following the arrest of the probation violator.[1] *Id.* at § 15A–1345(c). Therefore, he argues, there need be no judicial determination of probable cause before arrest (or

extradition). As we find that there was an implicit judicial determination of probable cause in this case, the argument that North Carolina may not require that determination is not relevant to our decision.

We have previously held that the fact that a judge in the demanding state signed a warrant for arrest supported by a sheriff's "Affidavit of Probable Cause" was sufficient to establish an implicit judicial finding of probable cause though there was no explicit finding. *Ex parte Baty*, 784 S.W.2d 147 (Tex.App.—Fort Worth 1990, no pet.). We have similar documents in this case. We have an order for arrest signed by a district judge supported by the probation officer's violation report, and therefore hold that the supporting documents in this case are sufficient to establish an implicit finding of probable cause by a North Carolina judge.

The Supreme Court indicated in *Doran* that extradition " 'is but one step in securing the presence of the defendant in the court in which he may be tried ...,' " but is not a determination of guilt. *Doran*, 439 U.S. at 288, 99 S.Ct. at 534–35. It is not necessary to try the defendant in both states. Once the Governor grants extradition and once it is determined that the extradition documents on their face are in order, that the appellant has been charged with a crime in the demanding state, that the appellant is the person named in the request for extradition, and that the appellant is a fugitive, we need look no further. *Id.* Our finding that there has been an implicit judicial determination of probable cause is an element of finding that the documents are in order and that the appellant was charged with a crime. Other issues are better litigated in North Carolina.

We affirm the judgment of the court below denying relief on the application for habeas corpus.

---

**1.** As appellant points out, Texas also does not require a probable cause hearing before issuing a capias for the arrest of a probation violator. TEX.CODE CRIM.PROC.ANN. art. 42.12,

§ 24(a) (Vernon Supp.1991). If the North Carolina procedure will not support extradition, neither will the Texas procedure.