NO. 12-05-00269-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
§APPEAL FROM THE 
EX PARTE:
§COUNTY COURT AT LAW #2
MICHAEL RUNKEL
§SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Michael Runkel appeals the trial court’s order denying his request for relief sought in his writ
of habeas corpus. Appellant raises one issue on appeal. We affirm.
 
Background
            Appellant was arrested on a fugitive warrant issuing out of the State of Michigan. 
Extradition proceedings commenced, and Appellant filed an application for writ of habeas corpus. 
The trial court granted the writ and conducted a hearing on Appellant’s application. Following the
hearing, the trial court denied the relief Appellant requested and ordered Appellant’s extradition to
Michigan. This appeal followed.
 
Extradition
            In his sole issue, Appellant contends that the trial court improperly ordered his extradition
to Michigan. The form of an extradition demand is dictated by Texas Code of Criminal Procedure,
article 51.13, section 3. Article 51.13, section 3 states that, to be recognized by the Governor of
Texas, an extradition demand must be (1) in writing, (2) allege that the accused was present in the
demanding state at the time of the commission of the alleged crime,


 and, thereafter, fled from the
demanding state. See Tex. Code Crim. Proc. Ann. art. 51.13 § 3 (Vernon Supp. 2005). The
demand must further contain a statement by the Executive Authority of the demanding state that the
person claimed has escaped from confinement or has broken the terms of his bail, probation, or
parole. Id. Moreover, the demand must be accompanied by one of the following: (1) a copy of an
indictment or information found or supported by affidavit in the state that has jurisdiction over the
crime; (2) a copy of an affidavit before a magistrate accompanied by a copy of any warrant thereon;
or (3) a copy of a judgment of conviction or a sentence imposed in execution thereof. Id.  The
indictment, information, or affidavit made before the magistrate must substantially charge the person
demanded with having committed a crime under the law of that state and must be authenticated by
the Executive Authority making the demand. Id.
            Appellant contends that extradition was improper because the governor’s demand was not
properly supported by an affidavit before a magistrate, that it failed to negate a notice element under
Michigan law, and that it failed to show Appellant was substantially charged with an offense because
the dates alleged were subsequent to the child’s eighteenth birthday. When a judicial officer in a
demanding state has found probable cause to arrest, the asylum state may not review that finding
because it is clothed with the traditional presumption of regularity. See Ex parte Hunter, 697
S.W.2d 854, 855 (Tex. App–Corpus Christi 1985, no pet.) (citing Michigan v. Doran, 439 U.S. 282,
290, 99 S. Ct. 530, 536, 58 L. Ed. 2d 521 (1978) (holding that once the governor of the asylum state
has acted on a requisition for extradition based on the demanding state's judicial determination that
probable cause existed, no further judicial inquiry may be had on that issue in the asylum state)); see
also Ex parte Helber, No. 05-95-00810-CR, 1995 WL 605415, at *4 (Tex. App.–Dallas Oct. 13,
1995, no pet.) (not designated for publication) (order finding probable cause and instructing district
clerk to issue an arrest warrant satisfies the requirement of a judicial determination of probable cause
to arrest, which is the reason for the requirement of an arrest warrant in cases where the charging
instrument is an affidavit before a magistrate from the demanding state).
            In the case at hand, the governor’s warrant is supported by a document entitled “Warrant
Felony Non-Support.” It commands any peace officer or court officer of Mason County, Michigan
authorized to arrest Michael James Runkel and bring him before the court immediately. Moreover,
in the warrant signed by Magistrate Patricia Baker, Judge Baker states that there is probable cause
to believe that the named defendant committed the offense. See Hunter, 697 S.W.2d at 855. 
Therefore, because the warrant from the State of Michigan contains a judicial determination that
there is probable cause to arrest Appellant, we decline to undermine such a finding by inquiring
whether the affidavit accompanying the warrant contains probable cause for the warrant or is
otherwise defective. Id. at 856. Appellant’s sole issue is overruled.
 
Disposition
Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered January 11, 2006.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.






 







(DO NOT PUBLISH)