COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-09-085-CR

 

 

EX PARTE
HEATHER DAWN GRADY

 

 

                                              ------------

 

             FROM THE 43RD
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Heather Dawn Grady appeals the trial court=s denial
of her application for writ of habeas corpus, in which she seeks to avoid
extradition to Arkansas.  We affirm.








On February 26, 2009, acting on an Arkansas
extradition request, Texas issued a governor=s
warrant for the arrest and extradition of AHeather
Dawn Grady aka Heather D. Grady aka Heather Grady@ to
stand trial in Arkansas on 106 charges, including theft and identity
fraud.  The extradition request includes
the fugitive=s mug shot, fingerprints, and
physical description and a probable-cause affidavit executed by an Arkansas
circuit court judge.  The extradition
request also identifies the fugitive as AHeather
(Grady) Domilise.@ 
Appellant, who was apparently arrested sometime earlier and held in the
Parker County jail, filed an application for writ of habeas corpus to challenge
her extradition, arguing that Athere is
not probable cause to believe that she committed a crime in the demanding State
or is one and the same person the subject of the requisition and warrant of the
demanding State.@

At the hearing on Appellant=s
application, Appellant asserted that her true name is Heather Dawn Grady
Domilise.  Weatherford Police Officer
Beth Turnbow testified that she had eighteen years=
training and experience in the comparison of fingerprints and that she had
testified before the trial court many times. 
She compared the fingerprint card in the Arkansas extradition request
with prints she had taken from Appellant that morning and testified that both
sets of prints were made by the same person. 
Turnbow also testified that Appellant is the person depicted in the
photograph in the extradition request.

The trial court denied Appellant=s habeas
application.  Appellant filed this
appeal, and we ordered the case submitted without briefs.  See Tex. R. App. P. 31.1.








In Michigan v. Doran, the United States
Supreme Court held that only four issues may be raised by application for writ
of habeas corpus to defeat extradition: 
(1) whether the extradition documents on their face are in order; (2)
whether the petitioner has been charged with a crime in the demanding state;
(3) whether the petitioner is the same person named in the request for
extradition; and (4) whether the petitioner is a fugitive.  439 U.S. 282, 289, 99 S. Ct. 530, 535
(1978).  Appellant raises only the third
issue, identity.

An accused person facing extradition can show she
is not the person charged in the demanding state by challenging the identity of
the person named in the warrant.  Ex
parte Scarbrough, 604 S.W.2d 170, 174 (Tex. Crim. App. 1980).  Once identity is placed in issue, the burden
shifts back to the demanding state to show that the person being held for
extradition is the identical person named in the warrant.  Ex parte Martinez, 530 S.W.2d 578, 579
(Tex. Crim. App. 1975).  Identity need
not be shown beyond a reasonable doubt.  Ex
parte Shoels, 643 S.W.2d 761, 762 (Tex. App.CSan
Antonio 1982, no pet.).  Photographic
evidence is sufficient to establish identity, Ex parte Nelson, 594
S.W.2d 67, 68 (Tex. Crim. App. 1979), as is fingerprint evidence.  Ex parte Smith, 36 S.W.3d 927, 928B29 (Tex.
App.CSan
Antonio 2001, no pet.).








In this case, the State presented both
photographic and fingerprint evidence to show that Appellant is the same person
named in the Arkansas extradition request. 
Further, the trial court was able to compare for itself Appellant=s
physical appearance at the hearing to the photograph and physical description
in the extradition papers.  We therefore
hold that the evidence is sufficient to establish Appellant=s
identity as the fugitive named in the extradition request.








Appellant=s
allegation in her application that there is Anot
probable cause to believe she committed a crime in the demanding State@ will
not support a writ of habeas corpus.  When
a judicial officer in a demanding state has found probable cause to arrest, the
asylum state may not review that finding because it is clothed with the
traditional presumption of regularity.  See
Hunter v. State, 697 S.W.2d 854, 855 (Tex. AppCCorpus
Christi 1985, no pet.) (citing Doran, 439 U.S. at 290, 99 S. Ct. at 536
(holding that once the governor of the asylum state has acted on a requisition
for extradition based on the demanding state=s
judicial determination that probable cause exists, no further judicial inquiry
may be had on that issue in the asylum state)); see also Ex parte Helber,
No. 05‑95‑00810‑CR, 1995 WL 605415, at *4 (Tex. App.CDallas
Oct.13, 1995, pet. ref=d, untimely filed) (per curiam)
(not designated for publication) (holding order finding probable cause and
instructing district clerk to issue an arrest warrant satisfies the requirement
of a judicial determination of probable cause to arrest, which is the reason
for the requirement of an arrest warrant in cases where the charging instrument
is an affidavit before a magistrate from the demanding state).  The extradition request contains the
affidavit of an Arkansas circuit court judge, averring, AI find
that there is sufficient probable cause to support the charges filed against
the said Heather (Grady) Domilise in the Circuit Court of Cross County, Arkansas,
First Judicial District.@ 
Thus, we may not review Appellant=s
probable-cause allegation, and it cannot support a writ of habeas corpus.

We affirm the trial court=s denial
of Appellant=s application for writ of habeas
corpus.

PER
CURIAM

 

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 2, 2009











[1]See Tex. R. App. P. 47.4.